UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLIE RUTH GRAHAM
and RANDY LEE GRAHAM,
     Plaintiffs,

vs.                             Case No: 3:20cv3681/MCR/EMT

STATE OF FLORIDA, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs, proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The matter is before the court on Plaintiffs' amended complaint (ECF No. 7). "A district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392,

393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C.
§ 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success")
(internal quotations omitted).

Upon review of Plaintiffs' amended complaint, it is evident Plaintiffs have
failed to state a viable claim for relief despite having had an opportunity to amend
their complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003)
(Generally, "a district court must grant a plaintiff at least one opportunity to amend
[his or her] claims before dismissing them if it appears a more carefully drafted
complaint might state a claim upon which relief can be granted even if the plaintiff
never seeks leave to amend.") (quotation omitted).  It likewise is clear Plaintiffs
cannot cure the deficiencies by filing a second amended complaint.   The
undersigned thus recommends the case be dismissed for failure to state a claim upon
which relief can be granted.

## I.    BACKGROUND

On February 25, 2020, Plaintiffs filed a complaint against the State of Florida
and "Children Family," alleging perjury, rape, neglect, and defamation (ECF No. 1
at 1–3, 6).   The undersigned entered an order advising that Plaintiffs' complaint was
deficient in a number of respects, including that it was not fully legible or
decipherable; Plaintiffs did not plead a jurisdictional basis for their claims, which

appeared to arise solely under state law; and it appeared that some or all of Plaintiffs'
claims were barred by the applicable statute of limitations (ECF No. 4). The
undersigned allowed Plaintiffs thirty days in which to file either a notice of voluntary
dismissal or an amended complaint (*id.*).

Plaintiffs filed an amended complaint within the time allowed, naming as
Defendants "State of Florida Children & Family," which the undersigned construes
as the Florida Department of Children and Families (DCF), and "State Courty,"
specifying "Sheriff Office & foster care," which the undersigned construes as the
Escambia County Sheriff's Office (ECSO) and DCF (ECF No. 7 at 1, 3).[1] As with
the initial complaint, it appears Plaintiffs' amended complaint is based on at least
two separate circumstances, one involving Plaintiff Billie Ruth Graham being placed
in foster care when she was thirteen years old and allegedly raped, and another
involving DCF removing Ms. Graham's granddaughter from her home. Plaintiffs
also reference an incident "six years later" (*id.* at 5).[2] Plaintiffs allege "Mr. Walker"
had "weekend visits," presumably with his and Ms. Graham's child, and had hurt

---

[1] As the address for the latter Defendant, Plaintiffs listed "1800 St. Mary Street, Pensacola, Fla. 32505" (ECF No. 7 at 3). The clerk of juvenile court and child support offices for Escambia are located at 1800 Saint Mary Avenue, Pensacola, FL 32501. *See https://www.escambiaclerk.com/Directory.aspx?did=35.*

[2] The time frame of the alleged incident is not at all clear.

Case No: 3:20cv3681/MCR/EMT

the child (*id.*).   Liberally construing the complaint, it appears Ms. Graham objected

to the child going with Mr. Walker and that law enforcement officers told Ms.

Graham she had no choice but to allow the child to go (*id.*).   That, according to

Plaintiffs, is "when Ciara Campbell got hurt" (*id.*).   Although the amended

complaint is difficult to decipher, there appear to be no factual allegations regarding

Plaintiff Randy Lee Graham.

## II.    DISCUSSION

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two

essential elements: (1) the conduct complained of was committed by a person acting

under color of state law; and (2) the conduct deprived the plaintiff of rights,

privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels*

*v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303

(11th Cir. 2001).   In order to sustain a § 1983 claim, the named defendant must be

an entity subject to suit.   *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

The capacity of a party to be sued is determined by the law of the state in which the

district court sits.   *Id.* at 1214–15.

As indicated above, it appears Plaintiffs have named two Defendants in their amended complaint—DCF and the ECSO.[3]  With regard to Plaintiffs' claims against DCF, "[t]he Eleventh Amendment provides that states may not be sued by their own citizens or citizens of other states." *Williams v. Robbins*, 153 F. App'x 574, 576 (11th Cir. 2005) (citing U.S. Const. Amend. XI and *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).  "This immunity . . . extends to state agencies and other arms of the state, even though a state is not named as a party of record." *Id.* (internal marks).  "However, a state is not immune under the Eleventh Amendment if it has consented to suit or waived its immunity." *Id.* "Additionally, a state is not immune where Congress has abrogated the state's immunity by (1) unequivocally expressing its intent to abrogate the immunity, through a clear legislative statement, and (2) acting pursuant to a valid exercise of power." *Id.*  "Florida has not waived its Eleventh Amendment immunity from suit under § 1983, and Congress has not abrogated a state's Eleventh Amendment immunity for claims brought pursuant to § 1983." *Id.* (internal citations omitted).

---

[3] Plaintiffs do not specify any causes of action against any Defendant in their amended complaint. In the "Statement of Claims" section of the complaint form, Plaintiffs state (verbatim) "Things exposed being bring up lieing in Courts 14 month on app record.  Call I told them record." (ECF No. 7 at 6).  As relief, Plaintiffs seek "Medical bills pay.  and damage.  me Ciara and make pay money that getting at prison and money back courts' child support." (*id.*).

DCF is a state agency; as such, it is not subject to suit under 42 U.S.C. § 1983.[4]  *See,
e.g., S.K. v. Lutheran Servs. Fla., Inc.*, No. 217CV691FTM99MRM, 2018 WL
2100122, at *5 n.5 (M.D. Fla. May 7, 2018) (explaining "DCF is the re-designation
of the Florida Department of Health and Rehabilitative Services, an[] agency of the
State of Florida," and that the "Eleventh Circuit has held that the Florida Department
of Health and Rehabilitative Services is immune under the Eleventh Amendment")
(citing *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509 (11th Cir.
1986)).   DCF also is not a "person" for purposes of § 1983.[5]  *See, e.g., Smith v.
Deal*, 760 F. App'x 972, 975 (11th Cir. 2019) ("State agencies are not persons under
section 1983.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989)).
Moreover, "Florida law has not established sheriff's offices as separate legal entities
with the capacity to be sued." *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F.
App'x 696, 701 (11th Cir. 2013) (citing *Fla. City Police Dep't v. Corcoran*, 661 So.
2d 409, 410 (Fla. 3d DCA 1995) (noting the municipality, not the police department,

---

[4]  To the extent Plaintiffs seek to sue the State of Florida, such claims also are barred by Eleventh
Amendment immunity.

[5]  The same, of course, is true with regard to state court.  *See, e.g., Anibal v. William*, No. 3:17-
CV-1290-J-25JRK, 2017 WL 8772154, at *1 (M.D. Fla. Nov. 22, 2017) ("As an initial matter, it
is important to note that a state court is not a 'person' within the meaning of 42 U.S.C. § 1983.")
(citing *Moity v. La. State Bar Ass'n*, 414 F. Supp. 180 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th
Cir. 1976)).

had the power to sue and be sued under Florida law)).   Plaintiffs' claims thus fail as a matter of law.

In addition, as the undersigned previously advised, at least some of Plaintiffs' claims—those pertaining to Ms. Graham's placement in foster care when she was thirteen years old—appear to be barred by the applicable statute of limitations. Section 1983 does not contain a specific statute of limitations; therefore, § 1988 directs district courts to select and apply the most appropriate or analogous state statute of limitations.   *See* 42 U.S.C. § 1988(a).   Florida's four-year statute of limitations applies to Plaintiff's claims.   *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted).   Although the court applies Florida's statute of limitations, federal law determines the date on which the limitations period begins to run.   *See Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003).   The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."   *Id.* (citation omitted).

Here, Plaintiffs filed their complaint on February 25, 2020 (ECF No. 1). Plaintiffs do not specify any date in either the initial complaint or the amended complaint, but they reference events that occurred when Billie Ruth Graham was

thirteen years old; they also refer to an event that occurred "[s]ix years later" (ECF No. 1 at 5). Although Ms. Graham's age is not clear, it is plain from the allegations in the complaint that she was placed in foster care more than six years ago; hence, Plaintiffs' claims based on Ms. Graham's placement in foster care are time-barred.[6]

III.    CONCLUSION

For the reasons set forth above, it is evident Plaintiffs have wholly failed to state a viable claim for relief and cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1.    That this action be **DISMISSED WITH PREJUDICE** for Plaintiffs' failure to state a claim upon which relief can be granted.

2.    That the Clerk be directed to close the file.

---

[6] It also bears mention that the allegations of the complaint indicate Ms. Graham was a grandmother in February 2020 when she initiated this action—which leads to the inescapable conclusion that her placement in foster care at age thirteen occurred long before the four-year limitations period commenced.

At Pensacola, Florida this 15<u>th</u> day of October 2020.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**